UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY STEWART,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23cv266-LL-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 7]** |

Before the Court is Defendant City of Carlsbad's (also erroneously sued as "City of Carlsbad Police Department") ("Defendant" or "City") Motion to Dismiss Plaintiff Lindsey Stewart's ("Plaintiff") Complaint. ECF No. 7. Defendant's Motion has been fully briefed and the Court deems it suitable for submission without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.　　BACKGROUND**

Plaintiff is an unhoused senior individual who parked her "22ft. travel trailer" in the City of Carlsbad. ECF No. 1, Complaint ("Compl.") at 1–2. Between January 2022 and June 2022, Plaintiff alleges that she received approximately thirty parking citations from the Carlsbad Police Department for parking her trailer on City streets overnight. Compl. at 2. The Carlsbad Municipal Code makes it unlawful for any person to park any "oversized

1

vehicle"[1] on any City street or parking lot between the hours of 2:00 a.m. and 5:00 a.m. *See* Carlsbad Mun. Code § 10.40.180. The fine for a violation of the oversized vehicle parking ordinance is $50.00 per occurrence. Compl. at 9. Further, Plaintiff alleges that she filed formal complaints and exchanged email correspondence with the City of Carlsbad challenging the oversized vehicle parking ordinance and its enforcement. Compl. at 5–9.

On February 10, 2023, Plaintiff commenced this action against Defendant challenging the City ordinance. ECF No. 1. In the Complaint, Plaintiff asserts multiple causes of action for: (1) failure to investigate citizen complaints and abdicate its responsibility to train, supervise, discipline, and control its police officers; (2) Excessive Fines Clause; (3) violation of the Eighth Amendment; (4) cruel and unusual punishment; (5) discrimination in "criminalizing one's homeless status"; (6) discrimination on the basis of age; and (7) fraud "receiving grant money for homeless unit." *Id.*

On April 17, 2023, Defendant filed a Motion to Dismiss. ECF No. 7. Defendant's Motion also included a request for judicial notice.[2] ECF No. 7-2. On May 1, 2023, Plaintiff filed an Opposition ("Opposition" or "Oppo.") to the Motion. ECF No. 8. On May 18, 2023, Defendant filed a Reply ("Reply") in support of its Motion. ECF No. 9.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is

---

[1] An "oversized vehicle" is "any motorized vehicle . . . or combination of motorized vehicles and/or non-motorized vehicles or trailers that meets or exceeds 22 feet in length." Carlsbad Mun. Code § 10.40.180.

[2] Defendant requests that the Court take judicial notice of different municipal code sections. ECF No. 7-2. The Court **GRANTS** Defendant's request as municipal codes and ordinances are "proper subjects for judicial notice." *Tollis, Inc. v. Cnty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007).

facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court may accept all factual allegations as true, but it need not accept legal conclusions as true. *Id.*; *Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may grant a Rule 12(b)(6) dismissal when the plaintiff fails to present a cognizable legal theory or allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint "does not require 'detailed factual allegations,'" to avoid a Rule 12(b)(6) motion to dismiss, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The court has an obligation where the plaintiff "is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)) (emphasis omitted). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**III. DISCUSSION**

Defendant moves to dismiss all causes of action in Plaintiff's Complaint under Rule 12(b)(6). *See* ECF No. 7-1, Motion to Dismiss ("Motion" or "Mot."). The Court addresses each of Defendant's arguments in turn.

/ / /

### A.  Eighth Amendment

First, Defendant moves to dismiss Plaintiff's first, second, third, fourth, and fifth causes of action under the Eighth Amendment. *See id.* at 4–8.

#### 1.  Excessive Fines Clause

Defendant argues that Plaintiff's Excessive Fines Clause claim should be dismissed because the parking fines are not grossly disproportionate to the conduct alleged. *See id.* at 5.

The Eighth Amendment prohibits "excessive fines." U.S. Const. amend. VIII. "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States*, 509 U.S. 602, 609 (1993) (emphasis omitted). A fine may be unconstitutionally excessive if the amount "is grossly disproportional to the gravity of the defendant's offense." *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (held that a $63.00 parking violation fine was not grossly disproportional to the underlying offense and did not violate the Excessive Fines Clause); *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998). This principle applies equally in the civil and criminal contexts: "the question is not . . . whether forfeiture . . . is civil or criminal, but rather whether it is punishment." *Austin*, 509 U.S. at 610. To determine whether a fine is grossly disproportional to the underlying offense, four factors are considered: (1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the extent of the harm caused by the offense. *Pimentel*, 974 F.3d at 922–25 (citing *Bajakajian*, 524 U.S. at 336–37).

Plaintiff alleges that Defendant's oversized vehicle parking ordinance violates the Eighth Amendment by excessively fining Plaintiff for engaging in an "innocent, involuntary, life-sustaining activity." Compl. at 3; *see also* Oppo. at 3.

The first factor considers "the nature and the extent of the underlying offense." *Pimentel*, 974 F.3d at 922. "Courts typically look to the violator's culpability to assess this factor." *Id.* For example, in *Pimentel*, the Ninth Circuit found that the plaintiffs were

culpable when there was no factual dispute that they violated an ordinance "for failing to pay for over-time use of a metered space." *Id.* at 923. However, the Ninth Circuit concluded that the plaintiffs' culpability was low because the underlying parking violation was minor. *Id.* Similarly, here, there is no factual dispute that Plaintiff received approximately thirty parking citations for violating Carlsbad Municipal Code § 10.40.180. *See* Compl. at 2; Mot. at 2. Further, the ordinance that Plaintiff violated prohibits oversized vehicles from parking on any City street or parking lot between the hours of 2:00 a.m. and 5:00 a.m. *See* Carlsbad Mun. Code § 10.40.180. Therefore, like the parking ordinance at issue in *Pimentel*, the nature and extent of Plaintiff's violations here are "minimal but not de minimis." *Pimentel*, 974 F.3d at 923.

The second factor considers "whether the underlying offense relates to other illegal activities." *Id.* The second factor, however, "is not as helpful to our inquiry as it might be in criminal contexts." *Id.* Here, there is no information showing whether parking oversized vehicles in certain areas between the hours of 2:00 a.m. to 5:00 a.m. relates to other illegal activities. Additionally, the parties do not raise any arguments regarding the second factor.

The third factor considers whether other penalties may be imposed for the violation. *See id.* Here, the parties do not state any alternative penalties that may be imposed for the parking violation.[3]

The fourth factor considers the extent of the harm caused by the violation. *See id.* at 924. "The most obvious and simple way to assess this factor is to observe the monetary harm resulting from the violation." *Id.* Courts have held that the "amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Bajakajian*, 524 U.S. at 334. Additionally, where a plaintiff makes no allegations to the

---

[3] In the Complaint, Plaintiff briefly states that Defendant's oversized vehicle parking ordinance imposed punitive and criminal sanctions. *See* Compl. at 3. However, Plaintiff does not allege any penalties that were or could have been imposed beyond the $50.00 parking fine.

contrary, courts must afford "substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments." *Id.* at 336 (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)).

Here, Plaintiff incurred $50.00 for each parking violation. *See* Compl. at 9. The amount incurred for each violation therefore bears "some relationship" to the gravity of the offense of parking an oversized vehicle on a City street between 2:00 a.m. to 5:00 a.m. *Bajakajian*, 524 U.S. at 334. In addition, "[w]hile a parking violation is not a serious offense, the fine is not so large, either, and likely deters violations." *Pimentel*, 974 F.3d at 924.

Considering the four factors, the factors weigh heavily in favor of the finding that the City's parking fine of $50.00 per occurrence is not grossly disproportional to the underlying offense of parking an oversized vehicle in a City street or parking lot from 2:00 a.m. to 5:00 a.m. Therefore, the imposition of the parking fines against Plaintiff does not violate the Eighth Amendment's Excessive Fines Clause. Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's Excessive Fines Clause claim.

### 2.     Cruel and Unusual Punishments Clause

Next, Defendant moves to dismiss Plaintiff's cruel and unusual punishment cause of action. *See* Mot. at 6. Defendant argues that the City's ordinance does not violate the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Id.*

In addition to excessive fines, the Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. In *Martin v. City of Boise*, the Ninth Circuit held that "the Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter." *Martin v. City of Boise*, 920 F.3d 584, 616 (9th Cir. 2019). However, the Ninth Circuit emphasized that *Martin*'s holding was "a narrow one," and did not "dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets . . . at any time and at any place." *Id.* at 617 (citation omitted). Further, *Martin* noted that "an ordinance prohibiting sitting, lying, or sleeping

outside at particular times or in particular locations might well be constitutionally permissible," as well as "an ordinance barring the obstruction of public rights of way or the erection of certain structures." *Id.* at 617 n.8.

Plaintiff alleges that Defendant violated her Eighth Amendment rights in criminalizing her "homeless status" by imposing parking fines and denying her the utilization of existing facilities to park her trailer. *See* Compl. at 2–3. Further, Plaintiff alleges that Defendant failed to train its personnel to be compliant with *Martin*. *See id.* at 3, 6; Oppo. at 3–9.

In the Motion, Defendant argues that the Eighth Amendment's prohibition against cruel and unusual punishment applies only after a criminal conviction and sentence. *See* Mot. at 6. Yet, for "Eighth Amendment challenges concerning the state's very power to criminalize particular behavior or status . . . a plaintiff need demonstrate only the initiation of the criminal process against him, not a conviction." *Martin*, 920 F.3d at 614. In any event, here, Plaintiff cannot demonstrate the initiation of the criminal process against her or that she has been convicted because Carlsbad Municipal Code § 10.40.180 only imposes civil penalties.

Additionally, Defendant contends that *Martin* does not apply to a city ordinance limiting oversized vehicles from parking overnight. *See* Mot. at 6–8. *Martin* concerned two ordinances that "criminalize[d] the simple act of sleeping outside on public property" in Boise, Idaho. *Martin*, 920 F.3d at 617. In contrast, the City's ordinance here prohibits oversized vehicles that are more than seven feet in height and seven feet in width, or twenty-two feet in length, from parking on various City streets between the hours of 2:00 a.m. and 5:00 a.m. *See* Carlsbad Mun. Code § 10.40.180. In any event, the City's ordinance does not criminalize "the simple act of sleeping outside" or someone's status as "homeless." *Martin*, 920 F.3d at 617. Additionally, Plaintiff does not risk incarceration for parking her trailer in a City street. Moreover, Plaintiff does not allege that there is nowhere else to park her oversized vehicle in compliance with the law. *See Martin*, 920 F.3d at 617 ("[A]s long as there is no option of sleeping indoors, the government cannot criminalize

indigent, homeless people for sleeping outdoors, on public property, on the false premise they had a choice in the matter."). Therefore, *Martin* does not apply to the City's parking ordinance. Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's cruel and unusual punishment claim.

### 3. *Monell* Claims

As a general matter, Defendant argues that Plaintiff has not stated a constitutional claim against Defendant as a municipal entity. *See* Mot. at 4.

To bring an action against a city for a constitutional violation, a plaintiff must establish liability under *Monell v. Dep't of Soc. Servs. of City of New York*. 436 U.S. 658 (1978). "[M]unicipalities may be held liable as 'persons' under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent the official policy, inflicts the injury.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Monell*, 436 U.S. at 694). In order to establish municipal liability under *Monell*, the plaintiff must show (1) that he "possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (internal quotation marks omitted).

Plaintiff alleges that Defendant "held customs, policies and practices, that violated the constitutional rights of the involuntarily homeless individuals" and criminalized "the homeless status." *See* Compl. at 2–3. However, Plaintiff does not allege any specific policies or customs of Defendant other than general enforcement of Carlsbad Municipal Code § 10.40.180. Further, Plaintiff does not specifically identify an established policy that is deliberately indifferent to the Plaintiff's rights. *See Van Ort*, 92 F.3d at 835. Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's *Monell* and Eighth Amendment claims.

/ / /

/ / /

**B.     Age Discrimination**

Next, Defendant moves to dismiss Plaintiff's sixth cause of action for age discrimination. *See* Mot. at 8–9. Defendant argues that Plaintiff does not identify any constitutional provision or statute on which she basses her age discrimination claim and that Plaintiff does not allege that she was given parking citations because of her age. *See id.* at 8–9.

Even construing Plaintiff's Complaint liberally, it is not apparent from the Complaint on which basis Plaintiff is alleging an age discrimination claim. As Defendant correctly points out, to the extent that Plaintiff purports to invoke the Age Discrimination in Employment Act ("ADEA"), Title VII, or the Fair Employment and Housing Act ("FEHA") as the basis for her age discrimination claim, those provisions and statutes are applicable to employment and housing discrimination actions.[4] Here, Plaintiff has not alleged any facts that Defendant was her employer or landlord. *See generally* Compl.

Moreover, although the Complaint contains some references to Plaintiff being a "senior citizen," Plaintiff does not allege sufficient facts to state an age discrimination

---

[4] California's FEHA provides that it "shall be unlawful: (a) For the owner of any housing accommodation to discriminate against any person because of the race, color, religion, sex, marital status, national origin, ancestry, familial status, or disability of that person." Cal. Gov't Code § 12955. Similarly, under the employment regulations of FEHA, it is unlawful for an employer "to discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's race, gender, or physical disability. Cal. Gov. Code § 12940(a). Specifically, the plaintiff must show that he was: "(1) a member of a protected class [age 40–70]; (2) performing his *job* in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger *employee* with equal or inferior qualifications." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996) (emphasis added). Further, Title VII does not cover age discrimination. *See* 42 U.S.C. § 2000e-2. Instead, the ADEA prohibits age discrimination in the *workplace*, and the ADEA was derived verbatim from Title VII. *See Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 173–75 (2009) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985)). Under the ADEA, it is unlawful for an *employer* to discriminate against an individual "because of such individual's age." *Id.* at 176 (emphasis added).

claim under any theory. As stated above, courts may not supply essential elements of a claim that Plaintiff has not pled. *See Ivey*, 673 F.2d at 268. Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's age discrimination claim.

### C.     Fraud

Lastly, Defendant moves to dismiss Plaintiff's seventh cause of action for fraud. *See* Mot. at 9. Defendant argues that the Complaint "makes no reference to a fraud claim" and fails to allege any facts that would state a prima facie claim for fraud. *See id.*

Fraud pleadings are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a plaintiff "alleging fraud or mistake . . . [to] state with particularity the circumstances concerning the fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid, ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Under California law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001).

Here, Plaintiff only generally cites fraud as a cause of action but fails to allege any facts regarding a fraud claim. *See generally* Compl. Further, even construing Plaintiff's Complaint liberally and viewing the facts in the light most favorable to Plaintiff, Plaintiff's allegations are not sufficient to meet the specificity required by Rule 9(b). *See* Fed. R. Civ.

P. 9(b); *see also Swartz*, 476 F.3d at 764. Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's fraud claim.[5]

### D.   Leave to Amend

If a court dismisses certain claims, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted). "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)). Leave to amend generally should only be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Pursuant to Rule 15(a) and Plaintiff's pro se status, Plaintiff must be given leave to amend her complaint because amendment would not be futile, unduly prejudice the parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See* Fed. R. Civ. P. 15(a); *Leadsinger*, 512 F.3d at 532; *Cato*, 70 F.3d at 1106. Accordingly, the Court grants Plaintiff leave to amend to file an amended complaint.

/ / /

/ / /

---

[5] Because Plaintiff has not sufficiently alleged any causes of action, the Court does not proceed to the question of whether Defendant is statutorily immune from federal or state law liability.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend. Plaintiff shall file any amended complaint within twenty-one (21) days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated:  March 26, 2024

Honorable Linda Lopez
United States District Judge